**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL A. SAMORA,

      Plaintiff,

v.   No. CIV 08-0007 WJ/CEG

JUDGE KENNETH MARTINEZ,
DANIEL M. SALAZAR, ESQ.,
JUANITA M. DURAN-CLERK,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint under 42 U.S.C. § 1983. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim

to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants Martinez and Salazar withheld evidence and denied Plaintiff a speedy trial in state criminal proceedings. Plaintiff also was wrongly committed to a mental institution. Defendant Duran allegedly failed to file certain documents that Plaintiff submitted to the New Mexico Second Judicial District Court. The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants (Judge) Martinez and (Clerk) Duran. "It is well-settled that judges have absolute immunity from liability for damages for acts committed within the apparent scope of their judicial duties." *Wiggins v. New Mexico State Supreme Court Clerk*, 664 F.2d 812, 815 (10th Cir. 1981) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)). This is true regardless of the judge's motive. *See Stump*, 435 U.S. at 356-57. Furthermore, "[w]e have extended the same immunity to judicial officers where performance of a judicial act is involved or their duties have an integral relationship with the judicial process." *Coleman v. Farnsworth*, 90 F. App'x 313, 317 (10th Cir. 2004) (citing *Smith v. Erickson*, 884 F.2d 1108, 1111 (8th Cir. 1989)). Plaintiff's claims for damages against these Defendants will therefore be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

Plaintiff also makes certain allegations against Defendant Daniel M. Salazar, Esq. It is not clear whether Defendant Salazar was a prosecutor or defense counsel in the Plaintiff's criminal proceedings. Either way, Plaintiff's allegations do not state a claim against this Defendant. First, as ruled in *Imbler v. Pachtman*, 424 U.S. 409 (1976), "in initiating a prosecution and in presenting the

...

State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler*, 424 U.S. at 431; *see also Romero v. Boulder County DA's Office*, 87 F. App'x 696, 697 (10th Cir. 2004). Alternatively, if Defendant Salazar was Plaintiff's defense counsel in the state proceedings, the complaint does not state a claim against him under § 1983. "The conduct of an attorney acting in his professional capacity while representing his client does not constitute action under color of state law for the purposes of § 1983." *Goetz v. Windsor Cent. Sch. Dist.*, 593 F. Supp. 526, 528 (N.D.N.Y. 1984), *quoted with approval in Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005). Because Plaintiff's allegations fail to state claims for relief under § 1983 against any of the Defendants, the Court will dismiss the complaint.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 is GRANTED, and the initial partial payment is WAIVED;

IT IS FINALLY ORDERED that Plaintiff's complaint is DISMISSED with prejudice, and pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii) judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE